UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| ) | MDL No. 1877 |
| ) | ALL CASES |
| ) |  |
| IN RE CLASSICSTAR MARE LEASE ) |  |
| LITIGATION ) | Master File: |
| ) Civil Action No. 5:07-cv-353-JMH |  |
| ) |  |
| ) |  |

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion for
Reconsideration filed by Tony Ferguson, Thom Robinson, John
Parrott, and GeoStar Corporation (hereinafter, "GeoStar")
[Lexington Civil Action No. 07-353-JMH, Record No. 718][1], in which
they request that the Court reconsider its Order of December 8,

---

[1] Also docketed at Lexington Civil Action Nos. 06-243-JMH
[Record No. 290]; 07-347-JMH [Record No. 103]; 07-348-JMH [Record
No. 133]; 07-349-JMH [Record No. 129]; 07-351-JMH [Record No. 50];
07-352-JMH [Record No. 63]; 07-419-JMH [Record No. 98]; 08-53-JMH
[Record No. 128]; 08-109-JMH [Record No. 101]; 08-321-JMH [Record
No. 61]; and 08-496-JMH [Record No. 46]. Movants have not filed
this motion in Lexington Civil Action Nos. 08-17-JMH, 08-18-JMH,
08-60-JMH; 08-74-JMH, 08-79-JMH, 08-104-JMH, 08-373-JMH, 08-418-
JMH, 08-487-JMH, or 08-496-JMH. although they have indicated that
it relates to "All Cases," presumably because the Court's order of
December 8, 2008, from which Movants seek relief, was entered in
all cases in the multi-district litigation then transferred or
conditionally transferred to this Court. Accordingly, the Court
shall order the Clerk to file a copy of this motion in the records
of Lexington Civil Action Nos. 08-17-JMH, 08-18-JMH, 08-60-JMH; 08-
74-JMH, 08-79-JMH, 08-104-JMH, 08-373-JMH, 08-418-JMH, 08-487-JMH,
and 08-496-JMH in order to maintain an orderly record in these
matters.

2008 [Lexington Civil Action No. 07-353-JMH, Record No. 689].[2]  The Court being sufficiently advised, this motion is now ripe for decision.

In their Motion, Defendants Ferguson, Robinson, Parrott, and GeoStar argue that the Court erred in its ruling with regard to the individual's assertions of their Fifth Amendment privilege. Specifically, the movants argue that the Court abused its discretion to manage discovery when it adopted the procedure set forth in its December 8, 2008, Order to govern their potential assertion of the Fifth Amendment in this case.  They argue that it unduly burdens Defendants' choice of whether to assert the Fifth Amendment because it requires Defendants to choose whether to assert the Fifth Amendment by January 15, 2009, even though the discovery period does not close until September 1, 2009, and because the order appears to circumscribe what will be considered "good cause" for revoking a Fifth Amendment assertion, allowing such a revocation only if a particular individual is not named in a later indictment or if that individual is later given immunity.

---

[2]Also docketed at Lexington Civil Action Nos. 06-243-JMH [Record No. 285]; 07-347-JMH [Record No. 98]; 07-348-JMH [Record No. 131]; 07-349-JMH [Record No. 118]; 07-351-JMH [Record No. 48]; 07-352-JMH [Record No. 61]; 07-419-JMH [Record No. 94]; 08-17-JMH [Record No. 27]; 08-18-JMH [Record No. 27]; 08-53-JMH [Record No. 125]; 08-60-JMH [Record No. 24]; 08-74-JMH [Record No. 22]; 08-79-JMH [Record No. 20]; 08-104-JMH [Record No. 21]; 08-109-JMH [Record No. 96]; 08-321-JMH [Record No. 50]; 08-373-JMH [Record No. 31]; 08-418 [Record No. 15]; 08-487-JMH [Record No. 24], 08-496-JMH [Record No. 43].

Movant's arguments are not well taken.  Defendants couch their argument for reconsideration in terms of the actions taken by the Court at the December 2, 2008, status conference and by virtue of its order on December 8, 2008, but this issue dates back well beyond those particular dates.  Indeed, the Movants themselves have reminded the Court that a criminal investigation has been ongoing since at least 2006 (as has the first individual case filed in this MDL, *West Hills Farms, LLC v. ClassicStar, LLC*, Lexington Civil Action No. 06-243-JMH).  More than two years after the filing of *West Hills Farms* on July 28, 2006, and in response to a Motion for Protective Order [docketed at Lexington Civil Action 07-353-JMH, Record No. 492, as well as in the individual cases] and the agreement of a majority of the parties, the Court first entered a protective order on October 28, 2008 [docketed at Lexington Civil Action No. 07-353-JMH, Record No. 594, as well as in the individual cases], which effectively deferred discovery of these individuals until December 1, 2008.  During a status conference on December 2, 2008, the parties submitted their positions on a variety of discovery issues, including those related to the individuals' assertion of the Fifth Amendment privilege against self-incrimination, and Movants sought to stay discovery with regard to them until June 2009 in order to protect the individual movants from responding to discovery so that they could determine whether or not they should invoke their Fifth Amendment privilege or

3

potentially avoid having to invoke it at all.

Having considered the parties positions and arguments, the Court adopted a procedure in which Plaintiffs must identify by January 10, 2009, a list of individuals they plan to depose and the topic areas of proposed questioning.  In response, any individual who plans to assert his Fifth Amendment privilege against self-incrimination must provide a declaration by Thursday, January 15, 2009, identifying the categories as to which they intend to assert the privilege, which declaration will have the same effect as if the party had appeared at deposition and asserted the privilege. The Court also extended the close of the discovery period from March 2, 2009, to September 1, 2009.

All of this is to say, as Movants well know, that the issue of whether these individual defendants will assert the privilege in civil proceedings has been alive and well since at least July 28, 2006.  Nearly two-and-a-half years later, the Court has concluded that the time has come for discovery to move forward, having been very careful "to ensure that [these] individuals are free to assert the privilege without undue or unnecessary consequences, while at the same time recognizing an adversary's right to obtain necessary discovery."  [Motion to Reconsider at 6.]  In so doing, the Court has balanced the competing concerns in such a way as to "safeguard the Fifth Amendment privilege" and to make sure that "the burden on the party asserting it [is] no more than is necessary to prevent

unfair and unnecessary prejudice to the other side." *Serafino v.
Hasbro, Inc.*, 82 F.3d 515, 518 (1st Cir. 1996); *see also SEC v.
Graystone Nash, Inc.*, 25 F.3d 187, 192 (3d Cir. 1994) ("Because the
privilege is constitutionally based, the detriment to the party
asserting it should be no more than is necessary to prevent unfair
and unnecessary prejudice to the other side.")

The Court has exercised its broad power to "relieve a
defendant from making such a choice," and has exercised its ability
to "choose any means it deems appropriate under the circumstances
to fairly balance the interests of the parties, including a stay of
the proceedings, entering a protective order, or delaying
discovery." *Goodman v. Mady*, No. 04-75011, 2005 WL 2417209, at *17
(E.D. Mich. Sept. 30, 2005). Indeed, discovery has been delayed
and a protective order entered to accommodate these individual
Defendants. After two years, however, the time has come to permit
those parties adverse to the movants to at least attempt to obtain
necessary discovery in these cases – including information about
Defendant GeoStar Corporation, which necessarily implicates
testimony from its principals and officers, and the individual
defendants.

There is no inherent unfairness in declining to enter further
protective orders which would defer the decision to invoke the
privilege against self-incrimination beyond mid-January simply
because over seven months of discovery will remain at that time.

5

The Court has not, "through inappropriate procedural remedies or unwarranted sanctions, unduly burdened litigants' valid attempts to seek the protection that the privilege against self-incrimination provides." *United States v. 4003-4005 5th Ave.,* 55 F.3d 78, 85 (2d Cir. 1995). Rather, in this case, these individual defendants have had a substantial amount of time – in excess of two years – to explore, appreciate, and evaluate the assertion of the Fifth Amendment privilege in these civil proceedings, a time period which was enlarged on a number of occasions by the agreement of the parties and the orders of this court.

Further, the Court is not persuaded that the fact that the government may use discovery obtained in these proceedings to assist in its investigation somehow alters this analysis. As the Court has indicated in its prior orders, these individual defendants are free to testify or not testify, assuming they properly invoke the Fifth Amendment privilege against self-incrimination, in this matter. Only they can determine whether they wish to invoke that privilege or not, but invoke it they must if they choose to do so. Should further relief then be appropriate, the defendants may request it at that time.

The Court also notes that there is not any inherent unfairness, on the facts presented to this court, in establishing the procedure set forth in at the December 2, 2008, hearing and in its order of December 8, 2008, when no depositions are currently

noticed.  Movant's memories are apparently short as the procedure was set into place in the face of these individual defendant's request for a protective order, effectively seeking to stave off notices of depositions.  The procedure, whereby the plaintiffs will provide a list of individual defendants to be deposed and a list of topics upon which questioning would occur, is intended to avoid the expense and time involved in having counsel and the individual defendants travel to and appear at deposition only to declare that they would be asserting the Fifth Amendment privilege and declining to answer questions.  If the Movants had preferred to make their declarations only after being served with notices of deposition instead of the procedure which the Court had announced at the December 2, 2008, hearing, the movants had their opportunity to state their preference and did not do so.

Finally, the Court has not attempted to "'cabin' good cause" to the limited circumstances mentioned at the hearing.  Rather, the Court provided examples, which were not intended to be nor represented as the only reasons which would constitute good cause.  Rather, the Court provided examples so that the parties could appreciate the gravity and impact of asserting the Fifth Amendment privilege and not be surprised by the ramifications of having done so somewhere down the road in these civil matters.

Accordingly, for all of the reasons stated above, **IT IS ORDERED:**

(1) that the Clerk shall file a copy of the Motion for Reconsideration filed by Tony Ferguson, Thom Robinson, John Parrott, and GeoStar Corporation [Lexington Civil Action No. 07-353-JMH, Record No. 718] in the records of Lexington Civil Action Nos. 08-17-JMH, 08-18-JMH, 08-60-JMH; 08-74-JMH, 08-79-JMH, 08-104-JMH, 08-373-JMH, 08-418-JMH, 08-487-JMH, and 08-496-JMH; and

(2) that the Motion for Reconsideration filed by Tony Ferguson, Thom Robinson, John Parrott, and GeoStar Corporation (hereinafter, "GeoStar") [Lexington Civil Action No. 07-353-JMH, Record No. 718][3] shall be, and the same hereby is, **DENIED**.

This the 23rd day of December, 2008.



Signed By:

*Joseph M. Hood*

**United States District Judge**

---

[3]Lexington Civil Action Nos. 06-243-JMH [Record No. 290]; 07-347-JMH [Record No. 103]; 07-348-JMH [Record No. 133]; 07-349-JMH [Record No. 129]; 07-351-JMH [Record No. 50]; 07-352-JMH [Record No. 63]; 07-419-JMH [Record No. 98]; 08-53-JMH [Record No. 128]; 08-109-JMH [Record No. 101]; 08-321-JMH [Record No. 61]; and 08-496-JMH [Record No. 46].